Filed 10/23/15  P. v. Galbraith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C078051 |
| Plaintiff and Appellant, | (Super. Ct. No. 09SCR05588) |
| v. | |
| BILLY JOE GALBRAITH III, | |
| Defendant and Respondent. | |

On September 10, 2009, defendant Billy Joe Galbraith III pled guilty to receiving stolen property (Pen. Code,[1] § 496) and admitted violating probation in two other cases.

On January 22, 2010, the trial court suspended imposition of sentence and granted defendant three years of formal probation subject to specified terms and conditions,

---

[1]     Undesignated statutory references are to the Penal Code.

1

including that defendant serve 150 days in county jail minus credit for 129 days of presentence custody served.

On November 21, 2014, the trial court held a hearing, sua sponte, to reevaluate defendant's sentence in light of Proposition 47. (§ 1170.18.) At that hearing, the court determined that it did not need to proceed under Proposition 47 because at a prior hearing the court had terminated defendant's probation as successful pursuant to section 1203.3; reduced the section 496 charge to a misdemeanor pursuant to section 17, subdivision (b); and set aside defendant's guilty plea, entered a plea of not guilty, and dismissed the complaint pursuant to section 1203.4. Over the People's objection of lack of notice, the court issued a written order to that effect.

The People appeal from the court's November 21, 2014, order. The People contend the order violated their due process rights because they were not given proper notice or an opportunity to be heard regarding the reduction or dismissal of the charges against defendant as required by sections 1203.3 and 1203.4. On the record before us, we agree and will reverse the court's order.

PROCEDURAL HISTORY[2]

At the November 21, 2014, hearing to reevaluate defendant's sentence in light of Proposition 47, the following colloquy took place:

"THE COURT: Galbraith, Billy Galbraith. [¶] I put this on calendar because of Prop. 47, but I don't think it's applicable in this case, because if you remember, I made a ruling on this case under [sections] 1203.3 and [1203].4 and 17(b) --

"[DEFENSE COUNSEL]: Both.

"THE COURT: -- previously. But I just wanted to put it back to see if there's any disagreement for me to keep that same ruling and not go through the provisions of Prop.

---

[2] A recitation of the facts underlying defendant's conviction is unnecessary to our disposition of this appeal.

47.  My feeling was that we don't have to go through [Prop.] 47 since I've already done this.

"[DEFENSE COUNSEL]:  [Section] 17(b).

"[THE PROSECUTION]:  The People's concern is that the Court 17(b)'d the [section] 261[.]5(d).[3]  I believe in 2009 that was a [section] 290 offense, and we couldn't find from the record whether the defendant had been ordered -- that may create a problem with the Prop. 47.  [¶]  In addition, the People hadn't been given notice on the [section] 496, and the [section] 496 is actually -- also, it is the People's position that it is an amount over $950.  In addition, in the case that the Court has received the petition on in [*sic*] [defendant]'s most recent [section] 496, there was a restraining order.  So we do have a Marsy's Law requirement under that one.

"THE COURT:  If I wish to go under [Prop.] 47.  [¶]  What I'm saying is that I've already had the hearing under the -- under provisions, and there's no need to reopen and have him give the notice and everything else.

"[THE PROSECUTION]:  Well, the People haven't received notice on the [section] 496.  They only received notice on the [section] 261[.]5.

"[DEFENSE COUNSEL]:  Notice was waived on the record of this Court when we proceed [*sic*] on each of these matters.

"[THE PROSECUTION]:  The motion was made for the [section] 261[.]5.

"THE COURT:  Okay, well what I'm doing then is the only case I have up here today.  Do I have all three cases or just the 09SCR05588?

"THE CLERK:  Just that one.

"THE COURT:  Okay, that's the only one I have here, so --

---

**3**      This was apparently a reference to a different case against defendant that involved a charge of unlawful sexual intercourse.  (§ 261.5, subd. (d).)

"[THE PROSECUTION]: If the Court looks at the motion for the [section] 261[.]5, it doesn't mention the [section] 496. There's never been a motion made except for the petition that's been filed under Prop. 47 for the [section] 496.

"THE COURT: I don't have a Prop. 47 filing on this case.

"[THE PROSECUTION]: The Court added it.

"THE COURT: I added it just to see. And based upon your arguments, I guess I'm going to rule that I don't need the Prop. 47. I'll go along and sign my order.

"[THE PROSECUTION]: The People were never given notice as to the [section] 496.

"[DEFENSE COUNSEL]: Notice was waived on the record when we expanded the motion to modify.

"[THE PROSECUTION]: We'd ask the Court to pull the file then.

"THE COURT: No, no, I already made my order on the prior hearing. I'm not revisiting that. I was just coming up to see if I should reopen it to allow the Prop. 47 issue. But you convinced me that I shouldn't, okay.

"[THE PROSECUTION]: Well, the Prop. 47 issue is the [section] 290.

"THE COURT: I understand. But I don't have to do that. I'll just sign this order. Thank you. The order I signed was in the case number 09SCR05588, okay. Thank you."

In that regard, the court signed an order entitled, "Order Changing Plea and Dismissing Complaint" pursuant to sections 1202.3, 1203.4, and 17, subdivision (b). The order provides, in relevant part, as follows:

"The matter of a Petition to Terminate Probation, Reduce Felony to a Misdemeanor, Withdraw Plea and Dismiss Complaint in the above-entitled case, came before the court September 12, 2014.

"It appearing to the Court from the records on file in this case, and from the Petition filed therein that defendant herein is eligible for the relief provided in Penal Code Section 1203.3, and good cause appearing:

4

"It appearing to the Court from the records on file in this case, and from the Petition filed therein that defendant herein is eligible for the relief provided in Penal Code Section 17b, and good cause appearing:

"It appearing to the Court from the records on file in this case, and from the Petition filed therein that defendant herein is eligible for the relief provided in Penal Code Section 1203.4, and good cause appearing:

"IT IS ORDERED that the Probation granted January 22, 2010 is terminated successfully pursuant to Penal Code Section 1203.3.

"IT IS FURTHER ORDERED that the charge of [section] 496 of the Penal Code be reduced to a misdemeanor pursuant to Penal Code Section 17b.

"IT IS FURTHER ORDERED that the plea of nolo contendere/guilty be set aside and a plea of not guilty be entered and that the complaint be dismissed pursuant to Penal Code Section 1203.4."

The People filed a timely notice of appeal.

DISCUSSION

The People contend they had a due process right to notice and an opportunity to be heard pursuant to sections 1203.3, subdivision (b)(1)(B) and 1203.4, subdivision (e)(1).

Section 1203.3, subdivision (b)(1) provides that "[b]efore any sentence or term or condition of probation . . . is modified, *a hearing shall be held in open court before the judge. The prosecuting attorney shall be given a two-day written notice and an opportunity to be heard on the matter.*" (Italics added.) Subdivision (b)(1)(B) provides that "modification of sentence shall include reducing a felony to a misdemeanor."

Section 1203.4, subdivision (a)(1) provides in relevant part as follows: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant

5

shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and . . . he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." Subdivision (e)(1) provides that "[r]elief shall not be granted under this section unless the prosecuting attorney has been given 15 days' notice of the petition for relief." (§ 1203.4, subd. (e)(1).)

Defendant did not file a respondent's brief disputing the People's claim of lack of notice. While the trial court's November 21, 2014, order references a "Petition to Terminate Probation, Reduce Felony to a Misdemeanor, Withdraw Plea and Dismiss Complaint," and a September 12, 2014, hearing on that petition, a declaration filed by the clerk of the trial court confirms there was, in fact, no such petition filed and no hearing conducted on that date *in this case*. From the colloquy set out above, however -- in particular, the trial court's steadfast assertion that it "made a ruling on this case under [sections] 1203.3 and [1203].4 and 17(b)" at a "prior hearing" and defense counsel's steadfast assertions that "[n]otice was waived on the record"--it appears *possible* that: (1) defendant filed a petition for relief under sections 1203.3, 1203.4, and 17, subdivision (b) in the unlawful sexual intercourse case against him; (2) a hearing on that petition was held in *that* case on September 12, 2014; (3) at that hearing, defendant orally requested that the same relief be granted in this case; and (4) the People, on the record in the unlawful sexual intercourse case, expressly waived the notice defendant was otherwise required to give under sections 1203.3, subdivision (b)(1)(B) and 1203.4, subdivision (e)(1) to obtain relief under those provisions in *this case*. While we note that this sequence of events *possibly* occurred, we cannot actually determine whether that is what happened because no part of the unlawful sexual intercourse case was included in

the record on appeal in this case, and having filed no respondent's brief, defendant made no attempt to show that this is what happened. Accordingly, on the record that we have, we are constrained to conclude that there is no evidence the People were given the required notice and opportunity to be heard and no evidence that the People waived that notice. We are therefore left with no choice but to conclude that the trial court's action was unauthorized and that the court erred in terminating probation, reducing the charge, withdrawing defendant's guilty plea and entering a plea of not guilty, and dismissing the charge.

## DISPOSITION

The trial court's order is reversed and the felony conviction and probation violations are reinstated.

/s/_____
Robie, J.

We concur:


/s/_____
Raye, P. J.


/s/_____
Hull, J.

7